THE STATE *ex rel.* KING v. GILL *et al.*, *Judges of Kansas City Court of Appeals.*

DIVISION ONE.

1. **Constitution:** JURISDICTION OF SUPREME COURT: AMOUNT IN DISPUTE. Under the constitution (art. 6, sec. 12), a case does not fall within the jurisdiction of the supreme court because of the "amount in dispute," unless the record in the trial court shows that the amount exceeds $2,500.

The State ex rel. King v. Gill.

2.  ———— : ———— : ————. On plaintiff's appeal, the "amount in dispute" is usually ascertained by the prayer for relief ; but, where his evidence shows the amount to be less, it controls his pleading in that particular.

3.  ———— : ———— : ————. A general prayer for alimony to be awarded out of an estate of $250,000 is not a demand for a sum exceeding $2,500.

*Mandamus.*

WRIT DENIED.

THIS is an application for a *mandamus* to compel the transfer of a certain cause to the supreme court.

It grows out of the following facts : Mrs. King ( now the relator ) brought an action in 1889, against her husband, in the circuit court of Saline county, and, upon various grounds, prayed a divorce, custody of her minor children, and "that the court adjudge to her, out of the property of her said husband, such support and maintenance for herself and her said four minor children, and such sum for the prosecution of her said suit, and for such time, as the nature of the case and the circumstances of the parties required ; and to make such further orders as should be just and proper in the premises." It was also alleged in the petition that the husband was possessed of property of the value of $250,000.

The defendant in that action filed an answer containing a general denial and a plea of condonation ; to which there was a general reply.

In 1890, a trial of the cause was had in the circuit court, and a final judgment rendered dismissing Mrs. King's petition. After an unsuccessful motion for new trial, the plaintiff took an appeal, upon the statutory affidavit, to the Kansas City court of appeals, and filed her exceptions in the usual way. The cause was heard in due course, in that court, both parties appearing, at the October term, 1890, and the judgment of the trial court was affirmed. Thereafter, in March, 1891, the

plaintiff, Mrs. King moved for the transfer of the case to the supreme court on the ground that the court of appeals had no jurisdiction of it. That motion was overruled in May, 1891, and then followed the present application here to compel such transfer by means of a writ of *mandamus* to the defendants to that effect.

All other necessary facts will be stated in the opinion.

*Samuel Boyd* for relator.

The appeal in this case should have been to the supreme court, because the alimony prayed for, if adjudged at all, would be in excess of $2,500. The statute of this state authorizes the alimony to be decreed in gross, or from year to year, in the discretion of the court. R. S. 1889, sec. 4506. Alimony, if decreed in gross, is usually from one-fifth to one-half of the value of husband's property. 1 Am. & Eng. Ency. of Law, p. 481. The test for determination of the question of jurisdiction, when limited by amount, is the probable value of the matter sued for. 12 Am. & Ency. of Law, pp. 283, 284, and notes. The jurisdiction of the Kansas City court of appeals is limited, so far as the subject-matter is concerned, to cases involving not more than $2,500, and it was the duty of the Kansas City court of appeals to transfer the cause, when requested by relator by motion. Const. of Mo., sec. 12, art. 6, and sec. 5, amendments to art. 6 ; R. S. 1889, sec. 3300. *Priest v. Deaver*, 21 Mo. App. 209 ; *Myers v. Myers*, 22 Mo. App. 95 ; *Musick v. Railroad*, 43 Mo. App. 326 ; *Gartside v. Gartside*, 42 Mo. App. 513, and cases cited. Jurisdiction over the subject-matter cannot be acquired by consent, and, although the application for appeal was made to the Kansas City court of appeals, such application could not confer jurisdiction. *Dodson v. Scroggs*, 47 Mo. 285 ; *Brown v. Woody*, 64 Mo. 547 ; *Cottrell v. Thompson*, 3 Green. ( N. J.) 344.

*J. P. Strother* for respondent.

(1) It was plaintiff's business to know the sum sued for. If plaintiff does not disclose in the pleadings, and carries the case through the circuit court and then on her own motion to court of appeals, without ever disclosing in the record, the amount sued for, do not the courts and the defendants have a right to assume, and, under the foregoing circumstances, conclusively presume, that no sum above the jurisdiction of the court of appeals, was claimed? Can a party be allowed to play "fast and loose" with courts in this way. *Railroad v. Seifert*, 41 Mo. App. 35. It is not apparent from the face of the petition that if alimony be adjudged at all it would be in excess of $2,500. Courts have discretion in this matter. R. S. 1889, sec. 4505. (2) The cases in 21 Mo. App. 209 and 347, are not in point. In *Myers v. Myers*, 22 Mo. App. 94, the objections themselves disclosed the fact that objectors claimed nearly $4,000. The case in 23 Mo. App. referred to was decided on a constitutional question, where amount cut no figure. The constitution, article 6, section 12, speaks of "the amount in dispute, exclusive of costs. The courts translate this as the "sum sued for." Now, on this appeal, what was the "amount in dispute?" (3) There was no "amount in dispute" on this appeal, but the thing in dispute was, whether appellant should have been granted a divorce, which was a necessary preliminary to any question about permanent alimony. There was no appeal from order of alimony *pendente lite*. *State ex rel. v. Seddon*, 93 Mo. 520. A separate appeal might be taken on order for such alimony, and then the question of amount would figure. 93 Mo. 520, *supra*. The appellate courts and the supreme courts are all bound to decide such cases " on the record," and neither can go beyond it. *State ex rel. v. Court of Appeals*, 88 Mo. 136. (4) The question before the court of appeals was, whether the circuit court erred in dismissing the bill

for divorce, or in the admission or rejection of evidence. In other words, the only question submitted to that court on appeal was, divorce *vel non*, for there can be no decree for permanent alimony except as an incident to divorce. *McIntire v. McIntire*, 80 Mo. 470 ; *Doyle v. Doyle*, 26 Mo. 549. A divorce suit is a proceeding *in rem*, and the *res* is the status of husband and wife, to be acted on and dissolved by the divorce. *Gould v. Crow*, 57 Mo. 203-4. The court of appeals was not bound to act on any other question, was not asked to act on any other question, and of that question it had unquestionable jurisdiction. It is true that "consent cannot confer jurisdiction ;" but there is more than one kind of jurisdiction—one of the subject-matter and another of the amount. If a court has jurisdiction of the subject-matter and no particular amount is claimed, then it has jurisdiction when voluntarily applied or appealed to. The Kansas City court of appeals had jurisdiction of the subject-matter here, and no specific amount was claimed, and that court was voluntarily appealed to.

BARCLAY, J.—By *mandamus* the relator seeks to require defendants, as judges of the Kansas City court of appeals, to transfer a cause to this court. They entertained and adjudicated the appeal from the circuit court, which relator, as plaintiff in the action, took and submitted to them. She did not discover, until after an adverse decision, any imperfection in that court's power to deal with her case. Now the claim is made on her behalf that the "amount in dispute" in the action exceeds $2,500, and that, consequently, the court of appeals had no power to hear or determine the same.

Before going further, let us see whether this major premise of the relator's argument is sound. Upon an appeal by plaintiff, the "amount in dispute" is usually ascertained by his demand for relief. But the prayer

for judgment is not conclusive of the disputed amount when plaintiff's evidence shows that his actual claim is less than that asserted in his pleading, *Wolff v. Matthews* (1889), 98 Mo. 246.

Though an action for divorce only falls within the jurisdiction of the court of appeals, it may become reviewable in this court when other questions are involved which belong to any of the classes mentioned in the constitution as forming proper subjects for decision here ; for example, where the amount of alimony in dispute is sufficiently large. *Gercke v. Gercke* (1889), 100 Mo. 237.

But the case as presented by the papers in the trial court must in some manner disclose the facts which would thus bring such an action within the appellate jurisdiction of this court. *Wade v. Loudon* (1878), 30 La. Ann. 660.

In the cause now in question, the plaintiff claimed no specified sum as alimony, though there was a prayer for alimony generally. She might, undoubtedly, by greater definiteness in this regard, have laid a basis for invoking the reviewing power of the supreme court, but that was not done. The case closed in the circuit court without any statement, originally or by amendment, that might imply an intention to claim a sum beyond $2,500. The only allegation that can be suggested as tending in that direction, in the remotest way, is that the defendant was possessed of $250,000 worth of property. But from this fact alone, in the total absence of a demand for any aliquot part of that fortune, as alimony, the court cannot infer that plaintiff designed to make a demand in excess of $2,500, when she omitted to give expression to such a claim at any stage of the proceedings in the court of first instance.

On the contrary, after the proceedings ended there, she took her appeal to the court of appeals and submitted to judgment in that court. Nothing in the record then showed a greater amount in dispute than

$2,500. Hence, no such question need now be determined as would arise if her appeal and submission to that tribunal had been taken in the face of such a record showing.

For the purposes of this case it is enough to know that no claim for a sum within the jurisdiction of the supreme court was presented or suggested at any time until after the ruling by the court of appeals against plaintiff. In such circumstances we think that court correctly refused to transfer the cause, and accordingly deny the writ, all the judges of this division concurring.