THE ADDISON TINSLEY TOBACCO COMPANY, *Relator*, v. ROMBAUER *et al.*

113  435
123  541

### Division One, January 23, 1893.

1. **Supreme Court:** JURISDICTION: MANDAMUS. A *mandamus* will not be granted to compel a court of appeals to transfer a cause to the supreme court because "of the amount in dispute," where plaintiff's final prayer for judgment is for $2,000 and no showing is made in the trial court to indicate that the amount really in controversy is greater.

2. ———: ———: ———. A plaintiff may, before trial, lawfully reduce his claim for damages from $25,000 to $2,000, and on doing so the latter sum is to be taken as the "amount in dispute" stated in the petition.

### *Mandamus.*

WRIT DENIED.

*Fagg & Ball* for relator.

(1) The expressions "matter in dispute" and "amount in dispute" are really used in all the cases as convertible terms. *Bary v. Merison*, 5 How. 103; *Pratt v. Fitzhugh*, 1 Black. 271; *Lee v. Lee*, 8 Pet. 44; *Elgin v. Marshall*, 106 U. S.; *Stinson v. Dausman*, 20.

How. 461. (2) Now, in order to ascertain "the amount in dispute," or which is the same thing "the matter in dispute," we must look to the whole record in connection with the affidavits herein filed. Upon this point we call special attention to the following authorities: *Kerr v. Simmons*, 82 Mo. 269; *Gray v. Blanchard*, 99 U. S. 565; *State ex rel. v. St. Louis Court of Appeals*, 97 Mo. 276. (3) The value of the object sought to be gained by the bill, and not the amount of plaintiff's damages, is the value of the matter in dispute. *Gartside v. Gartside*, 42 Mo. App. 513; *Marker Co. v. Hoffman*, 101 U. S. 112.

*Mason G. Smith* and *D. P. Dyer* for respondents.

(1) The court of appeals took jurisdiction of the cause, and, in pursuance of the statute, passed its own judgment on the facts. It found as a matter of fact on the motion for a rehearing that the amount in dispute was within the limit of its pecuniary jurisdiction. On *mandamus* it is not the province of this court to review disputed questions of fact, but questions of law only. A *mandamus* deals in matters of law as exclusively as a writ of error or *certiorari*. High on Extraordinary Legal Remedies, sec. 162; *The People v. The Superior Court of the City of New York*, 19 Wend. 68. (2) The writ of *mandamus* when addressed to a subordinate judicial tribunal simply requires it to proceed to exercise its judicial functions, and in no case can the writ be made to perform the office of a writ of error or appeal. *Dunklin Co. v. District Court*, 23 Mo. 449; *State ex rel. v. Laughlin*, 75 Mo. 358; *State ex rel. v. County Court*, 41 Mo. 224; *State ex rel. v. Garesche*, 65 Mo. 489; *State ex rel. v. County Court*, 68 Mo. 48; *State ex rel. v. Young*, 84 Mo. 94. (3) *Mandamus* is the appropriate remedy to set the machin-

ery of the courts to which it is addressed in motion; but it will not direct the performance of any particular judicial act.    The subordinate tribunal will be left free to give its best judgment. *State ex rel. v. The St. Louis Court of Appeals*, 87 Mo. 375.    (4) When in reaching a result the inferior courts are necessarily obliged to use some degree of judgment and discretion, while *mandamus* will lie to set them in motion and to compel action upon the matter in controversy, it will in no manner interfere with or control or dictate the judgment or decision which shall be reached.    High on Extraordinary Legal Remedies [2 Ed.] sec. 24, and cases cited.    (5) It is a fundamental rule that the relator must show a clear and unquestioned right to the specific thing sought, and this rule is applied in all cases where the purpose of the proceeding is to enforce the action of judicial tribunals.    High on Extraordinary Legal Remedies [2 Ed.] sec. 198, and cases cited. (6) If the inferior court has acted and the proceeding there is at an end, however erroneous it may be, *mandamus* is not the remedy, nor is there any force in the suggestion that because there is no remedy by writ of error or appeal, therefore, *mandamus* should be awarded, since the want of remedy does not of itself entitle the party aggrieved to this extraordinary writ. *Ex parte Newman*, 14 Wall. 152; *Ex parte Ostrander*, 1 Denio, 679; *Lewis v. Barclay*, 35 Cal. 213; High on Extraordinary Legal Remedies [2 Ed.] sec. 190.

BARCLAY, J.—An original application has been made for a *mandamus* to the St. Louis court of appeals to require the latter to certify a certain cause to the supreme court.    It grows out of the following facts:

In 1891 the Drummond Tobacco Company, as plaintiff, commenced an action against the Addison Tinsley Tobacco Company, as defendant (now the relator

in this proceeding), to prevent an alleged infringe-- ment by the latter of a trade-mark owned by the former. In the petition, after stating the facts show- ing such infringement, an accounting for profits was prayed, as well as a judgment for damages in the sum of $25,000, with an injunction against further viola- tion of the trade-mark. The charges in the petition were denied by an answer. The cause came on to be heard in due course; and during the trial plaintiff, by leave of court, amended its petition by reducing the demand for damages to $2,000.

The trial court found for defendant and dismissed the bill, May 21, 1892. No testimony was offered by plaintiff to sustain the claim for damages so that no money judgment, for more than a nominal amount, could properly have been rendered.

The plaintiff then (after the usual motions) took an appeal, on the same date as the judgment, to the St. Louis court of appeals, where the case was duly heard and submitted; the former judgment was reversed and a decree entered by that court enjoining the Tinsley Tobacco Company from using the trade-mark in question, but giving no judgment for damages.

Thereupon the defendant, now relator, moved for a rehearing and also for a transfer of the cause to the supreme court, assigning for the latter motion the reason that the amount in dispute exceeded $2,500. This motion was supported by affidavits tending to show that the ruling would affect property rights of the parties to an extent exceeding the amount named.

The motion to transfer was overruled by that court. Thereupon the application was made to the first division of the supreme court to compel the appellate judges to direct the transfer. The defend- ants have appeared by counsel and resist the applica- tion.

Both parties have submitted printed briefs and arguments; and it seems to me appropriate to state the grounds upon which my concurrence is given to the order made by the first division, denying the *mandamus* and thus finally disposing of the case here.

I. The amendment of the pleadings in the trial court, by which the claim for damages was reduced to $2,000, before the submission of the cause, was one fully authorized by law (Revised Statutes, 1889, sec. 2104); and the proceeding must now be dealt with upon the record thus made, as expressing the extent of the plaintiff's demand.

II. Where the court to which an appeal should go is to be ascertained, under the constitution (Constitution, 1875, art. 6, sec. 12), by the "amount in dispute" in a given case, the proceedings therein in the trial court should disclose the facts on which the appeal is to proceed. On the state of the record in the court of first instance depends the question as to which one of the two courts of appeal, the supreme or the appellate court, should have jurisdiction. Hence parties must see to it in the trial court that the full showing they wish to rely upon in that regard in the future course of the case, is made. The first division of the supreme court so held in *State ex rel. v. Gill*, 107 Mo. (1891) 44, and that ruling is decisive of the case at bar.

Here the first attempt at a showing that the amount involved exceeded $2,500, was presented by affidavits in the St. Louis court of appeals, after a judgment had been entered there. That showing it appears to me was entirely too late to attach the jurisdiction of the supreme court to the judgment of the circuit court for the purposes of review under the constitution.

It is not claimed nor does the record show that the judgment of the court of appeals reaches or decides

any other or larger issues than those involved in the cause in its earlier stages.

Without going into other reasons that might be assigned for the result reached, the foregoing seems to me to indicate sufficient cause why the application for *mandamus* should be denied.