KITCHELL, *Appellant*, v. MANCHESTER ROAD ELECTRIC RAILWAY COMPANY.

### Division One, December 8, 1898.

1. **Appellate Jurisdiction:** AMOUNT INVOLVED. The value of the right claimed by appellant, and of which he was deprived by the judgment appealed from, must be the criterion by which to determine whether the appeal is to the Supreme Court or the Court of Appeals.

2. ————: ————: UNDETERMINABLE. If it can not be affirmatively determined from the record what the amount involved is, the Supreme Court does not have jurisdiction of the appeal.

3. ————: ————: INJUNCTION: CASE STATED. Plaintiff, the owner of a lot, brought suit by injunction to restrain an electric railway company from constructing and operating its road along certain streets alleging that the company had no legal warrant for using the streets for such purpose, and charged that he had and would sustain great damage by the construction of the road, the full extent of which he could not estimate. The value of the lot was not shown, nor that plaintiff would be damaged in excess of $2,500 by the construction and operation of the road. Plaintiff's bill was dismissed, and he appealed. *Held*, that the cause must be transferred to the proper court of appeals.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*James M. Lewis* and *Chester H. Krum* for appellant.

*McKeighan, Barclay & Watts, Dawson & Garvin* and *G. A. Finkelnburg* for respondent.

WILLIAMS, J.—This record presents a question of appellate jurisdiction, which, so far as we have observed, has not been directly passed upon by this court.

Plaintiff, a citizen of St. Louis, and the owner of a lot fronting twenty-five feet on the south line of Manchester avenue, between Talmage avenue and the junction of Chouteau avenue and Manchester road, brought this suit in the circuit court of the city of St. Louis, to restrain and enjoin the Manchester Road Electric Railway Company from constructing, operating and maintaining its street railway upon and along certain streets and highways mentioned in the petition. It may be stated generally and without going into details, that the ground relied upon for the injunction, is that the railway company has no legal warrant for using the streets named for the purposes of its road. It is alleged that the laying of the tracks had already been a serious damage to plaintiff's property, and their maintenance in the future will cause great and further damage, the full extent of which plaintiff can not estimate.

The answer pleads several ordinances of the city empowering defendant to build the road and alleges compliance therewith on its part.

There is nothing before us to show that the building of this street railway will damage plaintiff's lot in excess of $2,500 dollars, or that the injury to him in consequence of the construction of said road will, on any account, exceed that sum; nor, indeed, does the value of the lot anywhere appear.

The city of St. Louis was made a defendant but the suit was dismissed as to said city before the trial in the circuit court, and it was not a party to the record when the appeal was taken. No constitutional question is raised in the pleadings or was before the trial court and none has been discussed here.

The circuit court dismissed the bill. Plaintiff is the appellant.

The only ground upon which it can be said that the appeal is properly before us is, that the amount involved in the litigation brings the case within the appellate jurisdiction of this court.

The suit, as above stated, is for an injunction. Plaintiff does not seek a judgment for money or specific property. But the form or nature of the proceeding will not deprive us of jurisdiction, if it can be seen from an inspection of the record, that the right in dispute or the matter in controversy between the parties, is susceptible of a pecuniary valuation, and that such value exceeds the sum of $2,500. Finkelnburg's Missouri Appellate Practice, 27; *Gartside v. Gartside*, 42 Mo. App. 513.

It is said in *Texas and Pacific R'y Co. v. Kuteman*, 13 U. S. Appeals, *loc. cit.* 107: "In a suit for an injunction the amount in dispute is the value of the object to be gained by the bill." Also, Foster's Federal Practice [2 Ed.], sec. 16.

The appeal in this case is by the *plaintiff* from the action of the court in dismissing his bill, and refusing the injunction. Jurisdiction of the appeal must be determined by the value to him of the relief sought and which was *denied* by the lower court. The value of the right claimed by the *appellant*, and, of which *he* was *deprived* by the judgment appealed from, must be the criterion by which to determine whether the appeal should be taken to this court or to the proper court of appeals. It must affirmatively appear from the record in order to authorize us to hear and determine such appeal that "the amount in dispute exclusive of costs exceeds the sum of two thousand five hundred dollars." This is not shown in the case at bar. MACFARLANE, J., in *Heman v. Wade*, 141 Mo. *loc. cit.* 600, quotes with approval the following from an opinion of the St. Louis Court of Appeals:

"We would not be justified in transferring the case to the Supreme Court on the ground that more than $2,500 is involved, for the reason that we have no means of determining how much is really involved, or that the amount will certainly exceed the jurisdictional limit."

And BARCLAY, J., in *State ex rel. v. Gill*, 107 Mo. *loc. cit.* 49, said that "the case as presented by the papers in the trial court must in some manner disclose the facts which would thus bring such an action within the appellate jurisdiction of this court."

We think the record should be transferred to the St. Louis Court of Appeals. It is so ordered.

All concur.