RACHEL CHERRY, Appellant, v. JOHN CHERRY, Respondent.

St. Louis Court of Appeals, July 12, 1910.

1. **JURISDICTION: Supreme Court: Divorce: Petition Demanding Alimony in the Sum of $50,000.** Where a petitioner for a divorce demands both in her petition and in her reply alimony in gross in the amount of $50,000, the Supreme Court has jurisdiction of the case on appeal.

2. ———: ———: ———: ———: **Question of Jurisdiction Not Raised by Counsel.** Although the question as to the appellate jurisdiction of a divorce case was not presented by counsel, yet, since the amount of alimony sued for was apparent on the record and sufficient to give the Supreme Court jurisdic-

tion, the Court of Appeals was bound *ex mero motu* to take notice of such question.

3. ———: ———: **Amount in Controversy: How Ascertained.** To determine the appellate jurisdiction of a case, the court will not be controlled by a mere colorable amount in contro-versy, but may look to the whole record to ascertain the real amount in controversy.

4. ———: ———: ———: **Divorce: Claim for Alimony.** Where, in a suit for divorce, there was evidence showing that the value of respondent's property was largely in excess of the amount of alimony claimed, such claim is *held* not to be a mere colorable one in order to give the Supreme Court juris-diction of the case.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

TRANSFERRED TO SUPREME COURT.

*Wm. N. Hairgrove, Ragland & McAllister* and *James P. Boyd* for appellant.

*Elliott W. Major, W. E. Whitecotton* and *Jas. H. Whitecotton* for respondent.

REYNOLDS, P. J.—On the 9th of December, 1907, the plaintiff filed her petition in the circuit court of Monroe county, in which she states that on or about the first day of January, 1905, in the State of Illinois, she was lawfully married to the defendant and continued to live with him as his wife from and after that date until the 30th day of May, 1907, "at which time she separated herself from the defendant and has ever since lived separated and apart from him;" that during all of that time she faithfully demeaned herself as a wife, treating him with kindness and affection, and that she is an innocent and injured party, but that the defendant wholly disregarding his duties as the husband of plain-tiff, has been guilty of committing adultery," with a party named, at Monroe county, this state, during the married life of plaintiff and defendant. She further states that she

is now a resident of Monroe county and of this state. Her petition sets out, with minute detail, by quarters, section numbers, the real estate which she claims defendant owns and which she avers embraces 1476 acres, of the total value of $65,000, and also personal property of the value of $35,000, consisting of live stock, grain, farming implements, bonds and notes. Averring that she is wholly without the means of support and for the prosecution of the suit, she prays "that she be divorced from the bonds of matrimony contracted as aforesaid with defendant; that she be adjudged such support and maintenance out of the property of the defendant for such (*sic*), as the nature of the cause and circumstances of the parties may require, and that she be allowed said support in gross in the sum of $50,000, and for such other, further and general orders and decrees as she may be entitled to in the premises."

The answer denies the marriage, denies commission of adultery, denies residence of plaintiff in the county or state, denies that defendant is the owner of lands of the value of $65,000, or of personal property of the value of $35,000, and avers that the suit is brought, not in good faith by plaintiff, but for the purpose of trying to extract money out of the defendant. This is all traversed by the reply, which avers that the suit is brought for the purpose of procuring a divorce from defendant, "and for such other relief as the plaintiff is entitled to under the law, and for which the plaintiff prays, as in the original petition she has already prayed, and for which she will ever pray."

On a trial the court found against plaintiff on all the allegations of marriage and of adultery and dismissed the suit, from which decree plaintiff has perfected appeal to this court.

By the Constitution of our state as it now stands and under the law as recently amended, appeals lie to the Supreme Court in all cases where the amount in dispute, exclusive of costs, exceeds the sum of $7500.

[Constitution of 1875, sec. 12, art. 6; section 5 of the amendment of 1884 to article 6; Act June 12, 1909, Session Acts, p. 394.]

In the case of State ex rel. King v. Gill, 107 Mo. 44, 17 S. W. 758, which was an application for mandamus against the judges of the Kansas City Court of Appeals to require them to transfer to the Supreme Court an appeal in a divorce case, the jurisdictional limit of the courts of appeal then being $2500, the question was distinctly presented as to whether the jurisdiction was in the Supreme Court or in the Court of Appeals, it being claimed that the relator, who was the plaintiff in the divorce proceeding, had averred in her petition for divorce that the defendant was possessed of property worth $250,000. But in that petition, although there was a prayer for alimony generally, plaintiff had claimed no specific sum. Judge BARCLAY in determining the question of jurisdiction, and referring to this feature of the petition says (l. c. 49), that a plaintiff "might, undoubtedly, by greater definiteness in this regard, have laid a basis for invoking the reviewing power of the Supreme Court; but that was not done. The case closed in the circuit court without any statement, originally or by amendment, that might imply an intention to claim a sum beyond $2500. The only allegation that can be suggested as tending in that direction, in the remotest way, is that the defendant was possessed of $250,000 worth of property. But from this fact alone, in the total absence of a demand for any aliquot part of that fortune, as alimony, the court cannot infer that plaintiff designed to make a demand in excess of $2500, when she omitted to give expression to such a claim at any stage of the proceedings in the court of first instance." Preceding this part of the opinion, Judge BARCLAY, quoting Gercke v. Gercke, 100 Mo. 237, 13 S. W. 400, and Wade v. Loudon, 30 La. Ann. 660, states that although an action for divorce usually falls within

the jurisdiction of the courts of appeal, it may become reviewable in the Supreme Court when other questions are involved which belong to any of the classes mentioned in the Constitution as forming proper subjects for decision by the Supreme Court, as, "for example, where the amount of alimony in dispute is sufficiently large;" but the case, as presented by the papers in the trial court, must in some manner disclose the facts which would thus bring such an action within the appellate jurisdiction of the Supreme Court. This case of State ex rel. King v. Gill is cited approvingly in The Addison Tinsley Tobacco Co. v. Rombauer, 113 Mo. 435, 20 S. W. 1076, on the proposition that parties must see to it in the trial court that the full issue they wish to rely upon in regard to the amount in dispute is made in the trial court. It is again followed in Hennessy v. Bavarian Brewing Co., 145 Mo. 104, l. c. 115, 46 S. W. 966; and in Kitchell v. Railway Co., 146 Mo. 455, 48 S. W. 448, the rule announced in it, that "the case as presented by the papers in the trial court must in some manner disclose the facts which would bring such an action within the appellate jurisdiction of this court," is approvingly quoted.

In the case at bar, an action for divorce, the plaintiff has distinctly laid a basis for invoking the reviewing power of the Supreme Court, by demanding, both in her petition and in her reply, alimony in gross in the sum of $50,000. The question of jurisdiction has not been presented by counsel in the case, but it is one which confronts us on the record and which we are bound *ex mero motu* to notice.

We are not unmindful of the line of decisions which hold, that for the purpose of determining jurisdiction, the courts are not to look solely to the amount stated by the plaintiff in the petition, recognizing it as the established law of this state, that the appellate courts reserve to themselves "the right in emergency to control the question of jurisdiction by looking into the whole

record far enough to do so—by seeing to it that jurisdiction is not foisted upon us by a mere paper or colorable amount in dispute, but is regulated by the real amount in dispute on appeal as disclosed by the entire record." See Vanderberg v. Gas Co., 199 Mo. 455, l. c. 459, 97 S. W. 908, and cases there cited, among others, State ex rel. King v. Gill, supra. An examination of the very elaborate and full abstract of the record setting out the bill of exceptions in this case, shows that there is evidence as to the value of the property of the defendant, tending to show that his personal and real property is largely in excess of $50,000. We cannot, therefore, say that the plaintiff's claim is based on a mere paper or colorable amount. If she is entitled to a divorce, then the record discloses a real claim on her part, based on the value of the defendant's wealth as in evidence, to $50,000 alimony in gross—a disputed claim, it is true, but presenting a controversy over a real and not a mere fictitious amount in excess of the jurisdiction of this court. Under our construction of the case of State ex rel. King v. Gill, supra, which is the last and controlling decision of the Supreme Court on the subject, and of subsequent cases affirming the rule there announced, we feel compelled to transfer this cause to the Supreme Court for its determination. All concur.