ALINDA H. VORDICK, Appellant, v. AUGUST H. VORDICK, Deceased; WILLIAM H. HAUSHULTE, Executor of Will of AUGUST H. VORDICK.

Division One, March 2, 1920.

1. **JURISDICTION:** Usurpation. Under a constitutional government the acts of a court not within its powers prescribed by the organic law are usurpations, and when done by a court of last resort may become a grave menace.

2. ———: **Divorce:** **Other Issues.** Divorce *per se* is not one of the cases named in the Constitution in which an appeal lies to the Supreme Court, and if it has jurisdiction to review a judgment for divorce on its merits it must be because it involves some issue which brings it within the enumeration of specific cases wherein it is given appellate jurisdiction.

3. ———: ———: **Alimony: Amount in Dispute: How Ascertained.** Where the trial court granted the wife a divorce and alimony in the sum of $5,000, and the only possible ground upon which the Supreme Court has jurisdiction of her appeal is that the amount in dispute exceeds $7,500, the fact that it has jurisdiction on that ground must affirmatively appear from the record made in the trial court; and if the petition does not allege any definite amount she is entitled to recover, either as alimony or attorney's fees, the entire record should be examined, to determine what is the amount in dispute.

4. ———: ———: ———: ———: **Inadequate Award: Social Station.** Where the plaintiff in her petition in the divorce case did not allege the amount she was entitled to recover as alimony or attorney's fees and its prayer was that she be adjudged such alimony as in the nature of the case and the circumstances of the parties may be right and proper, and in her motion for a new trial she complained that the amount of alimony awarded her was inadequate and less than she was entitled to under the law and the evidence and further that she should have been adjudged an amount sufficient to yield her an income that would support her according to the station in life of herself and defendant, the amount in dispute on her appeal is the difference between the $5,000 adjudged to her and either (a) the adequate amount to which she is entitled under the law and the evidence, or (b) an amount that would yield an income sufficient to support her according to her station in life; and unless it affirmatively appears from the entire record that the amount she was entitled to recover for one or the other of these reasons, is an amount in excess of $12,500, the Supreme Court has no jurisdiction of her appeal—there being no other ground on which jurisdiction is invested in said court except the one possible ground that the amount in dispute exceeds $7,500. But she could have fixed appellate jurisdiction in the Supreme Court, by claiming in her petition an amount in excess of $7,500 over and above the amount awarded her by the trial court, unless the allegations made it apparent that such claim was fictitious and colorable only.

5. **DIVORCE: Dower After Decree for Wife.** The wife's inchoate dower in her husband's real estate is unaffected by a decree granting her alone a divorce and awarding her alimony in a named sum of money, which is not adjudged to be in lieu of dower.

6. **Estate by the Entirety: Cotenants Upon Divorce Decree.** Residence property, bought by the husband and by his bounty conveyed to him and his wife as tenants by the entirety, by virtue of a decree of divorce in her favor becomes the property of the two equally as tenants in common.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Homer Hall* for appellant.

*Muench, Walther & Muench* for respondent.

RAGLAND, C.—This action was begun April 3, 1914, in the Circuit Court for St. Louis County, by Alinda B. Vordick against August H. Vordick for divorce and alimony. Plaintiff and defendant were married September 11, 1913, and separated March 7, 1916. At the time of their marriage plaintiff was a widow, about fifty years of age, and resided at Troy, New York, where she had a married daughter living; the defendant was a widower, about sixty-five years of age, having also a married daughter, and resided in the City of St. Louis. They first met on a cruise through the Orient in the spring of 1912. On their return to their respective homes a correspondence ensued, resulting in their marriage. Soon after their marriage defendant purchased a home in an attractive residence district in University City, St. Louis County, paying therefor $12,500. It contained eleven rooms and was a two and a half story structure. There they began housekeeping. They kept no servants, but plaintiff with some assistance from defendant did all of the housework, including the cooking, washing, ironing, etc. Except for recreation trips they lived there continuously until their separation. They spent four weeks in Michigan in July, 1914, and about two months in California in the summer of 1915. When they were at home she never went anywhere except to church and to meetings of certain of its auxiliary societies. Their brief life together was tempestuous from the beginning. From the first the defendant indulged in violent outbursts of temper, during which he applied offensive epithets to plain-

tiff and not infrequently struck her. Immediately after these explosions the domestic atmosphere invariably cleared, the defendant asked forgiveness, which was apparently freely granted, and periods of unalloyed felicity followed. Defendant's violent exhibitions of passion were occasioned by his *jealousy,* produced no doubt by a disordered imagination, and as time went on they recurred with more frequency. At first the plaintiff was the passive recipient of his violence, later she defended herself with a right good will, and in the last encounter it cannot be said that she got the worst of it. While she carried a "black eye" for a week or more, his spectacles were broken, his "whole left side scratched up" and he was laid up in bed where he "suffered all night for two or three days." As a result of this pitched battle plaintiff left and went to a hotel, but, as fierce as it was, her affection for defendant, apparently, was not appreciably lessened thereby, for a day or two afterward she stole unobtrusively into their home and pinned a note to his pillow, containing this brief message, "I love you." On finding this he went in pursuit. An interview followed, at which she gently insinuated that he should settle on her some of his property as a peace offering. This he could not abide, and the breach became final.

The evidence most favorable to plaintiff's contention tends to show that at the time of the trial the defendant owned the following property: Notes and securities, bearing six per cent annual interest, to the amount of $30,000; a forty-six acre tract of land two miles west of Clayton in St. Louis County, of the estimated value of $38,800; a fifty-acre tract on the Bellefontaine Road north of the City of St. Louis, of the estimated value of $12,500; and two lots in an outlying industrial district of the City of St. Louis, of a value estimated at from $30,000 to $40,000. All of this real estate was unimproved and the values put on it by witnesses were concededly speculative. Parts of one or more of the larger tracts were rented to gardners and yielded an annual rental of from five hundred to six hundred dollars. The rents received from

the remainder were nominal. In addition to the property just mentioned, there was the residence which the defendant purchased for $12,500, and which appellant in her brief tacitly admits. he caused to be conveyed to her and himself jointly, thereby creating in them an estate by the entirety. The evidence also discloses inferentially that the plaintiff at the time of her marriage to defendant was, and at the time of the trial continued to be, possessed of some means, the extent of which, however, even approximately, is not suggested. The defendant was a physician, but had retired from active practice, only occasionally treating an old patient. His income from this source must have been meagre.

The petition as ground for divorce sets out with particularity indignities of the character hereinbefore indicated. It also alleges that the defendant is seized and possessed of real and personal property and money of the value of $250,000 and that the plaintiff is without adequate means of support and for the prosecution of this suit. The prayer is for divorce and ''that the court will adjudge to her such alimony, support and maintenance out of the property of the defendant as under the nature of the case and the circumstances of the parties may be right and proper.'' The answer admitted the marriage, denied the other allegations of the petition and set up counter indignities.

The court found the issues for plaintiff and that she was the innocent and injured party and granted her a divorce. It also adjudged that as and for alimony in gross she recover the sum of $9,000, on the condition that within twenty days. thereafter she relinquish her inchoate dower in defendant's real estate, and that failing so to do she recover the sum of $5,000. She declined to relinquish her inchoate dower so that the judgment for alimony in gross is for the sum of $5,000.

Plaintiff filed a motion for a new trial on the grounds, among others, that the alimony and attorney's fee are ''wholly inadequate and much less than the plaintiff is entitled to under the law and the evidence,'' and that the judgment ought to be for an amount sut-

ficient to give plaintiff a net income which would provide for her support and maintenance in accordance with the station in life of plaintiff and defendant. The motion was overruled, and an appeal from the judgment awarding alimony and attorney's fees was granted to this court. Pending this appeal the defendant has died and the cause has been revived in the name of his executor.

The principal assignment of error is that "the court erred in awarding to plaintiff an inadequate and insufficient amount as alimony in gross and for attorney's fees."

It would be easier to dispose of this appeal on the merits than on a question of jurisdiction, but, as has often been said and it does not hurt to repeat it occasionally, under a constitutional government the acts of a court not within the powers prescribed by the organic law are usurpations; and when done by a court of last resort may become a grave menace. To determine our jurisdiction before proceeding is, therefore, at all times an imperative duty. Divorce *per se* is not one of the cases named in the Constitution in which an appeal lies to this court. If we have jurisdiction to determine this appeal on the merits, therefore, it is because that, notwithstanding it is for divorce, it has some attribute that brings it within the enumeration of the specific cases wherein we have appellate jurisdiction. From a view of the entire record, the only possible one is that the amount in dispute, exclusive of costs, exceeds seven thousand five hundred dollars. And if we have jurisdiction on that ground it must be because that fact affirmatively appears from the record made in the trial court. [Kitchell v. Railway Co., 146 Mo. 455-457; State ex rel. v. Gill, 107 Mo. 44, 49; State ex rel. v. Reynolds, 256 Mo. 710-717; Tobacco Co. v. Rombauer, 113 Mo. 435; Huntington v. Saunders, 163 U. S. 319.]

The petition does not allege any definite amount that plaintiff is entitled to recover either as alimony or attorney's fees. Its prayer is that the plaintiff be adjudged such alimony as under the nature of the case and

the circumstances of the parties may be right and proper. The entire record, however, should be looked to in order to determine the amount in dispute; the petition is not conclusive in that respect. [Vanderberg v. Gas Co., 199 Mo. 455.] In the motion for a new trial plaintiff complains that the amount of alimony awarded to her is inadequate and less than she is entitled to under the law and the evidence, and further that she should have been allowed an amount sufficient to yield her an income that would support her according to the station in life of plaintiff and defendant. As the trial court awarded plaintiff $5,000 alimony, the amount in dispute is the difference, if any, between that amount and, either the adequate amount to which plaintiff is entitled under the law and the evidence, or an amount that would yield her an income sufficient to support her according to her station in life. On the question of jurisdiction, therefore, it is for us to determine whether it *affirmatively* appears from the entire record, including the evidence, that, either the adequate allowance to which plaintiff is entitled under the law and the evidence, or an amount sufficient to yield her the income mentioned, is in excess of $12,500.

An examination of the evidence discloses in a general way that at the time of the trial defendant was sixty-seven years of age, that he had passed the productive period of his life and that while his property was estimated, by those in sympathy with plaintiff's contention as to its value, at from $110,000 to $120,000, more than three-fourths of it consisted of unimproved non-income-producing real estate for which there was no market except a speculative one. The residence property for which defendant soon after the marriage paid $12,500, being through his bounty held by plaintiff and defendant as tenants by the entirety, by virtue of the decree of divorce became the property of the two equally as tenants in common. Plaintiff's inchoate dower in the remainder of the real estate was wholly unaffected by the decree, and, by reason of his age, it could, at

the time of the trial, have been reasonably anticipated that before the lapse of many years it would become consummate, as it in fact has since this appeal was taken. Of the remaining property, consisting of $30,000 in notes and securities, $12,500 is nearly half. Neither to the accumulation of this, nor to that of any of defendant's property, did plaintiff contribute in the slightest degree, either in money or labor, or in sacrifice or thought. Such contribution cannot, therefore, furnish a basis for giving her a moiety or any other definite part of his estate as it did in Gercke v. Gercke, 100 Mo. 237. However, she is entitled to have sufficient alimony to recompense her for the protection and support lost to her by defendant's breach of the marital obligation ending in the decree of divorce. From the facts in evidence it does not appear that the value in money of such protection and support necessarily exceeds $12,500. Appellant suggests that a just recompense therefor would be an amount sufficient to furnish her an income that would support her according to her station in life. Let it be conceded. She did not lose her home by reason of the divorce, and the evidence does not show directly or by necessary inference that the income from the $12,500 would not support her in that home, or in another obtained with the proceeds of the sale of her interest in it, according to the style and manner of living adopted by plaintiff and defendant during their marriage. Defendant's gross income out of which he supported himself and wife was approximately $2400 a year. If, instead of awarding plaintiff alimony in gross, the court had required defendant to pay her annually during her life one-half of his income, or $1200, the present value thereof, according to the Carlisle tables of mortality adopted by statute in this State for certain purposes, would be less than $12,500. Upon any reasonable view of the evidence as a whole, it does not affirmatively appear that plaintiff is necessarily entitled to, or that she claimed in the court below, alimony in gross in excess of $12,500. The evidence does not show the extent of plaintiff's

means, and for that reason the adequacy or inadequacy of the allowance of $500 to her for attorney's fees has not been considered in connection with the entire judgment for $5500, of which it is a component part.

This case presents a striking instance of the difficulty often encountered in determining from the record the amount in dispute when jurisdictional. From the very nature of the controversy an examination of the evidence to determine the amount in dispute involves to some extent a consideration of the merits, and the conclusions reached of necessity include the holding that appellant on the facts in proof is not entitled to alimony in gross in excess of $12,500. This difficulty would have been obviated had plaintiff made claim to some definite amount in her petition, or elsewhere of record, in the court below. The amount so claimed, if in excess of $7,500, over and above the amount awarded by the court, would have fixed appellate jurisdiction in this court, unless it was apparent that such claim was fictitious or colorable merely, and in this case it probably would not have been so regarded. [Cherry v. Cherry, 150 Mo. App. 414, 167 S. W. 539; State v. Gill, supra; Tobacco Co. v. Rombauer, supra.]

As it does not affirmatively appear from the entire record that the amount in dispute, exclusive of costs, exceeds $7,500, this court is without jurisdiction of the appeal. It is ordered that the cause be transferred to the St. Louis Court of Appeals.

*Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAGLAND, C., is adopted as the opinion of the court. All of the judges concur.