THE STATE EX REL. MAMIE FRANCES ALLEN v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—10 S. W. (2d) 519.

Court en Banc, October 27, 1928.

*Watson, Gage & Ess* and *Conger R. Smith* for relator.

*W. W. Calvin* for respondents.

WALKER, J.—This is a proceeding by mandamus to compel the judges of the Kansas City Court of Appeals to certify certain cases

now pending on appeal in that court to the Supreme Court for hearing and determination.

The cases referred to consist of separate actions between the relator, Mamie Frances Allen, and her divorced husband, John H. Allen; one of the same being for divorce, and the other for alimony. Judgments were rendered in the trial courts in each of these cases and they were appealed to the Kansas City Court of Appeals. After proceedings in the latter court in each of these cases, not necessary to be set forth in detail here, except to state that upon a rehearing having been granted in the case involving the relator's suit for alimony, a ruling was made in her favor and a rehearing was granted therein and this case was ordered submitted and heard with the case of Mamie Frances Allen against John H. Allen for divorce.

Before the reargument of these cases Judge EWING C. BLAND disqualified himself to sit therein on account of bias and prejudice against Mamie Frances Allen. The cases were heard by the other judges and were assigned to Judge FRANCIS H. TRIMBLE to prepare opinions therein. Judge TRIMBLE became seriously ill after the assignment of the cases to him and was rendered incapable to discharge his judicial duties in this and other cases. Such illness has continued to a like extent up to this time and no opinions have been prepared in these cases.

By reason of these conditions there is left no quorum for the determination of these cases and it is the relator's contention that she is deprived of the fruits of the judgments rendered in her favor and is remediless except by an order transferring these cases to the Supreme Court for hearing and determination.

The sole question to be determined in this proceeding is one of jurisdiction.

The respective jurisdictions of the Supreme Court and of the Courts of Appeals is defined by the Constitution. Under Section 12 of Article VI of the Constitution, after defining the jurisdiction of the St. Louis Court of Appeals, that being, at the time, the only court of appeals, it was provided, after authorizing the court to issue the writs therein named and other original remedial writs, that:

"Appeals shall lie from the decisions of the St. Louis Court of Appeals to the Supreme Court, and writs of error may issue from the Supreme Court to said court in the following cases only: In all cases where the amount in dispute, exclusive of costs, exceeds the sum of two thousand five hundred dollars; in cases involving the construction of the Constitution of the United States or of this State; in cases where the validity of a treaty or statute of or authority exercised under the United States is drawn in question; in cases involving the construction of the revenue laws of this State, or the title to any office

under this State; in cases involving title to real estate; in cases where a county or other political subdivision of the State or any State officer is a party, and in all cases of felony."

This constitutional provision defined the jurisdiction of our appellate courts until 1884, when an amendment to the Constitution established the Kansas City Court of Appeals, and Section 5 of that amendment thus defined the jurisdiction of the Supreme Court:

"In all causes or proceedings reviewable by the Supreme Court, writs of error shall run from the Supreme Court directly to the circuit courts and to courts having the jurisdiction pertaining to circuit courts, and in all such causes or proceedings, appeals shall lie from such trial courts directly to the Supreme Court, and the Supreme Court shall have exclusive jurisdiction of such writs of error and appeals, and shall in all such cases exclusively exercise superintending control over such trial courts."

The effect of this amendment was to confer upon the Supreme Court exclusive appellate jurisdiction in all causes arising in any part of the State, other than those within the jurisdiction of the Courts of Appeals, as then constituted, from which an appeal might have been taken to the Supreme Court from the decision of the St. Louis Court of Appeals under Section 12 of Article VI as originally adopted. [Rourke v. Holmes St. Ry. Co., 257 Mo. 555, 166 S. W. 272.]

That the jurisdiction thus conferred is wholly appellate, except as expressly directed in the Constitution, is clearly demonstrated by Section 2 of Article VI of the same, which provides that: "the Supreme Court, except in cases otherwise directed by this Constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, under the restrictions and limitations in this Constitution provided." If this provision, despite its unequivocal terms, required interpretation, it has been given in numerous cases to the effect that the court has appellate jurisdiction only, except as otherwise expressly granted in the Constitution. [In re Letcher, 269 Mo. 140, 190 S. W. 19; Gantt v. Brown, 244 Mo. 271, 149 S. W. 644; Wait v. Railroad, 204 Mo. 491, 103 S. W. 60; Ex parte Bethurum, 66 Mo. 545; State ex rel. Sparks v. Wilson, 49 Mo. 146.]

An appeal in a divorce proceeding, as at bar, is, under the terms of the Constitution, within the jurisdiction of the Courts of Appeals, unless other questions are involved which form proper subjects for review by the Supreme Court—the amount of the alimony if sufficiently large would entitle the Supreme Court to jurisdiction. [Viertel v. Viertel, 212 Mo. 571, 111 S. W. 579; Cherry v. Cherry, 150 Mo. App. 414, 130 S. W. 494.]

In the instant case all of the facts are indicative of the complete jurisdiction of the Kansas City Court of Appeals and as a consequence

the absence of any jurisdiction in the Supreme Court. This being true, in the absence of our jurisdiction and in the presence of the complete jurisdiction of the Court of Appeals, the prayer of the relator's petition must, if no other reason existed for its refusal, be denied. This follows from the often repeated and never denied rule of interpretation of the jurisdiction of the Supreme Court and the Courts of Appeals, that the powers of each are absolute if exercised within the limits prescribed in the Constitution. To illustrate, as applicable to the case under consideration: if the Court of Appeals is acting as we have shown it to be, within its jurisdiction, its action can in no way be interfered with by the Supreme Court, even if such action is erroneous. [State ex rel. Miles v. Ellison, 269 Mo. 151, 190 S. W. 274; State ex rel. Iba v. Ellison, 256 Mo. 666, 165 S. W. 369.]

The foregoing admits of one qualification, that the ruling of the Court of Appeals be not in conflict with a former decision of the Supreme Court. [Sec. 6, Art. VI, Amendment of 1884, Mo. Constitution.] This ground of interference finds no support for its exercise in the case at bar. If it be contended that the Supreme Court should order the transfer of this case to it for determination under the power given to it in Section 3, Article VI, Constitution of Missouri, of "general superintendence over all inferior courts," it will be enough to say that the power thus granted is authorized to be exercised only within the jurisdiction of the Supreme Court. The Constitution having, as we have shown, conferred within the limits defined therein absolute jurisdiction upon the Courts of Appeals, that jurisdiction cannot be invaded by the Supreme Court, except as provided in Section 6, Amendment of 1884, of Article VI, supra.

If it be further contended under the power attempted to be granted the General Assembly, in Section 3 of the Amendment to Article VI of 1884, to provide for the transfer of cases from one Court of Appeals to another Court of Appeals, or to provide for the transfer of cases from a Court of Appeals to the Supreme Court, a sufficient answer to this contention is afforded in the fact that no act attempting to give legislative sanction to the last mentioned proviso has ever been passed by the General Assembly. If such an act had been passed it would have been futile to effect the intended purpose, for the reason that the jurisdiction of the Court of Appeals for the hearing and disposition of cases appealed thereto, being, as we have stated, absolute and complete, an act attempting to delimit its jurisdiction by providing for the transfer of cases therefrom to the Supreme Court would be ineffectual for that purpose. [Rourke v. Holmes St. Ry. Co., 257 Mo. 555; State ex rel. Dunham v. Nixon, 232 Mo. 98, 133 S. W. 336.] Jurisdiction conferred by the Constitution cannot be lessened or extinguished, except by an express amendment for that purpose. No

such amendment has ever been adopted. With the unfortunate condition which obviates a speedy disposition of the principal cases in this proceeding we can, under the limitations of our Constitution, have no concern.

There is no authority for a transfer of these cases as prayed for in the relator's petition, and our alternative writ should be quashed and the proceeding dismissed. It is so ordered. All concur, except *Gentry, J.,* not sitting.