## GERCKE v. GERCKE, *Appellant.*

**Divorce:** ALIMONY. Plaintiff and defendant had been married about thirty-three years, and by their mutual industry and economy accumulated an estate of about twelve thousand dollars. Plaintiff, who was fifty-seven years old and in delicate health, had always been a faithful wife but defendant had treated her with great brutality and had been guilty of adultery. Defendant was fifty-four years old and in robust health and was making money in his business, and the wife had no means of support and from the condition of her health could not earn anything. *Held,* that an allowance of six thousand dollars as alimony in gross was not excessive.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*C. A. Schnake, M. Kinealy* and *J. R. Kinealy* for appellant.

(1) This court will examine the evidence adduced below. (2) The charges on the petition are not sustained by the evidence, and her alimony should, therefore, be a minimum amount. *Ensler v. Ensler,* 72 Iowa, 159; *Allen v. Allen,* 2 Cent. Rep. 390. (3) Plaintiff has voluntarily separated herself from her husband without sufficient cause, and this must weigh in passing on her claim for alimony. *Vanduzar v. Vanduzar,* 70 Iowa, 614. (4) She still retains her inchoate dower right in defendant's real estate. *Rea v. Rea,* 5 West. R. 911. And this ought to be considered in fixing alimony. (5) She has five hundred dollars' worth of property, and this ought to be considered in fixing alimony. 2 Bishop on M. and Div., sec. 275, p. 319; *Westerfield v. Westerfield,* 3 N. J. Eq. 196; *Collins v. Collins,* 80 N. Y. 11–12; *Daniels v. Daniels,* 9 Col. 150. (6) The alimony is excessive on the evidence adduced. *Wallingford v. Wallingford,* 6 Har. and J. 488; *Crews*

*v. Morley*, 74 Mo. 29; *Stittman v. Stittman*, 99 Ill. 196; *Brown v. Brown*, 22 Mich 245; *Clarkson v. Clarkson*, 20 Mo. App. 95; *Gardner v. Gardner*, 54 Ga. 561; 2 Bish. on M. and Div., sec. 463, p. 398; *Hopkins v. Hopkins*, 39 Wis. 171; *Campbell v. Campbell*, 37 Wis. 523; *Andrews v. Andrews*, 69 Ill. 609; *Abey v. Abey*, 32 Iowa, 576; *Rea v. Rea*, 5 West. R. 911. (7) Extravagant allowances of alimony are against public policy. *Williams v. Williams*, 29 Wis. 530. (8) The order for alimony pending appeal was not based on any evidence and was excessive.

*Lubke & Muench* for respondent.

(1) The two causes of divorce alleged in the petition are amply sustained by the proof. The cruelties and indignities are confessed, and as to the charge of adultery the proof not merely fills, but overflows, the measure insisted on by the law. 2 Bish. Mar. & Div., secs. 613, 616, and 620 to 625, and cases cited. (2) The statutes of this state expressly permit the allowance of alimony in gross, and defendant himself requested it to be allowed in that way. He cannot now complain of the mode of allowance. In fixing alimony in gross, the rule is never to allow less than one-third of the husband's estate, and rarely more than one-half; subject to be varied by peculiar conditions, such as aggravating conduct of the husband, his ability to earn more, the physical condition of the wife, her separate estate, or the necessity of supporting infant children. Under the authorities and the peculiar facts of this case, the allowance was exceedingly moderate. *Crews v. Morley*, 74 Mo. 29; Tyler on Infancy & Cov. [2 Ed.] pp. 906-7, and cases cited; *Becker v. Becker*, 79 Ill. 532; *Ressor v. Ressor*, 80 Ill. 442; *McClung v. McClung*, 40 Mich. 493; 2 Bish. Mar. & Div., secs. 445, 446, 450. The amount of personalty retained by her was insignificant, and her dower-interest is of no value whatever, as, according to

Gercke v. Gercke.

the life-tables, it will never become consummate. (3) The finding of the chancellor in equity causes will be deferred to by the supreme court, unless he has manifestly disregarded the evidence. His opportunities for judging of the credibility of witnesses and to solve conflicts of evidence are necessarily more favorable than those of the appellate tribunal. *Snell v. Harrison*, 83 Mo. 652; *Erskine v. Lowenstein*, 82 Mo. 301; *Judy v. Bank*, 81 Mo. 404; *Bank v. Murray*, 88 Mo. 191; *Hendricks v. Woods*, 79 Mo. 590; *Chapman v. McIlwrath*, 77 Mo. 38. (4) The allowance of alimony pending the appeal was made just after the court had made the most exhaustive investigation of the affairs of these parties. To have again heard the same evidence and invited further perjury from defendant would have been worse than useless; and the law does not require the performance of a useless thing. That order, however, directed that the payments *pendente lite* should be deducted from the gross sum of alimony decreed, and the defendant having succeeded by an appeal in staying the performance of that order during the very time for which it was intended, its only function now is to stand as an additional reason why the judgment of alimony in gross should not be disturbed.

BRACE, J.—This is an appeal from the judgment of the circuit court of the city of St. Louis, in which the plaintiff was, by the decree of said court, granted a divorce from her husband, the said Henry Gercke, defendant, allowed alimony in gross in the sum of six thousand dollars, one hundred and seventy-five dollars attorney's fees and *pendente lite* the appeal thirty-five dollars per month to be credited on the alimony in gross. The defendant appealed not only from the allowance in gross, but from the allowance *pendente lite*, gave bond, and has paid nothing on account of alimony pending the appeal to entitle him to a credit on the amount allowed the plaintiff in gross, in lieu of alimony.

In his brief he says: "The defendant does not seek to disturb the decree of divorce but contends that the award of alimony ought to be set aside," and the only question presented is whether the allowance in gross in lieu of alimony is excessive.

The plaintiff at the date of the trial was fifty-seven years old and in delicate health. The defendant was fifty-four years old, in robust health and engaged in a profitable business. They had been married and had lived together as husband and wife for about thirty-three years; by their industry and economy the defendant had accumulated an estate estimated to be worth from ten to fifteen thousand dollars. The plaintiff had always faithfully demeaned herself, and discharged all her duties to the plaintiff as his wife; nevertheless the defendant, as the evidence shows, and as the trial court found, was not only guilty of indignities to her person, by brutal and unprovoked assaults upon her, but of the highest crime against the marital relation, that of adultery. They have no minor children dependent upon them for support. The trial court found that the value of the estate, real and personal, of the defendant, was thirteen thousand dollars. After a careful review of the evidence we are satisfied that when this suit was commenced the defendant was possessed of an estate of that value. Soon after it was commenced he put encumbrances on it amounting to thirty-two hundred dollars, and on the trial introduced evidence tending to show that he was otherwise indebted in the sum of about one thousand dollars. The circumstances under which this indebtedness was created, the condition of the defendant's business at the time, its exigencies and previous history, the unsatisfactory explanation given of the consideration therefor, all tended to raise grave doubts in the mind of the trial judge as to its *bona fides*, and the evidence so impresses us; and we have little fault to find with a conclusion drawn from all the evidence that, at the time the decree of the circuit court

was rendered, the defendant over and above his indebtedness was worth about twelve thousand dollars. That decree gives the plaintiff a moiety of the defendant's fortune. Is it under the circumstances too much?

As before intimated, this fortune represents the joint labor, thrift and economy of thirty-three years of the married life of the plaintiff and defendant. The one equally with the other is the meritorious cause of its existence; by hard work faithfully performed by each, within their respective spheres, it was saved and laid by, from the rewards of their daily labor. They should have gone down to their graves in its mutual enjoyment; that they have not done so, is not the fault of the plaintiff; without fault upon her part, she has by the brutal and unfaithful conduct of her husband been deprived of the fruits of her toil and thrown upon the world with nothing but a little household furniture the value of which is not worth estimating. Her age and the condition of her health is such that she can by her labor do but little towards making a support, and reduces to an inappreciable amount the suggested value of her inchoate right of dower when considered in connection with the age and health of the defendant. The husband is in possession of all the fruits of their joint labor; he has it invested in real estate and in a profitable and thriving business; he is in the enjoyment of vigorous and robust health, and "making bushels of money," as he expresses it.

Under these circumstances it did not seem to the chancellor that it was anything but fair and just that the innocent, injured, and comparatively helpless wife should have a moiety of this estate, and now after the lapse of more than two years, during which time the defendant has refused to pay the moderate alimony *pendente lite* his appeal to this court, allowed her by the trial judge, or to contribute anything to her support, but has put her to the expense and delay of

prosecuting two actions through the appellate court in order to get anything, we do not feel disposed to disturb his judgment.

The judgment of the circuit court is therefore affirmed. All concur.

## On Rehearing.

PER CURIAM.—The motion for rehearing herein is overruled. Execution on the judgment of the circuit court in favor of the plaintiff (herein affirmed) will be stayed until the said Auguste Gercke shall have executed a conveyance in due form of law relinquishing to said Henry Gercke all her inchoate dower interest in his estate and deposited the same in the office of the clerk of the St. Louis circuit court for the use of the said Henry Gercke, and if he shall thereupon or within twenty days, after such conveyance shall have been so deposited, pay to the said Auguste Gercke or into said circuit court for her use the sum of two thousand dollars, then a further stay of execution upon said judgment shall be allowed the said Henry Gercke for six months from the date of such payment, for the remainder thereof with interest, and when the full amount of said judgment shall be paid then the said conveyance shall be delivered to the said Henry Gercke.