FRANCES G. WRIGHT, Respondent, v. GUY H. WRIGHT, Appellant.

St. Louis Court of Appeals, November 2, 1915.

1. **DIVORCE: Alimony: Allowance in Gross or Periodically.** Under Sec. 2376, R. S. 1909, whether alimony·in gross or a periodical stipend should be allowed a wife in whose favor a decree of divorce is rendered rests in the sound judicial discretion of the court; but where the husband is possessed of sufficient means therefor and an award in gross can be made to the wife that is commensurate with the provision that might properly be made for her through an allowance of alimony from year to year, payable on certain named dates, discretion would be wisely exercised in favor of such an award.

2. ———: ———: ———. In an action by a wife for divorce, where it appeared that defendant possessed property to the value of $6500 and that his income was $340 per month, *held* that the action of the court in awarding alimony in monthly installments of $100, instead of in a gross sum equal to, or exceeding, the value of defendant's property, as he desired, was not an abuse of the discretion vested in the court by Sec. 2376, R. S. 1909.

Appeal from St. Louis City Circuit Court—*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*Manton Davis* and *Chester H. Kern* for appellant.

(1) Originally, alimony awarded by the ecclesiastical courts was in periodical stipends because the divorces granted were only from bed and board, leaving the marital status and property rights unaffected, contemplating a reconciliation and resumption of the marital relations. Hyde v. Hyde, 4 Sw. & Tr. 80; Cooke v. Cooke, 2 Phill. Ecc. 40; Hagerty v. Hagerty, 11 Grant Ch. (U. C.) 562; Lemp v. Lemp, 249 Mo. 295. (2) In modern times, divorces are from the bonds of matri-

mony; they contemplate no resumption of marital relations, but a life forever apart. In modern divorce cases, when circumstances permit, the award of alimony should be in a lump sum and all relations between the parties ended. This promotes peace and repose, avoids irritation and strife, makes an end of litigation and prevents both parties from "living in the atmosphere of the dead relation." Lemp v. Lemp, 249 Mo. 295; 2 Nelson on Divorce and Separation, sec. 903, 910; Irwin v. Irwin, 107 Ky. 25; Hooe v. Hooe, 122 Ky. 590; Green v. Green, 152 Ky. 486; Williams v. Williams, 36 Wis. 362; McGechie v. McGechie, 43 Neb. 523; De Roche v. De Roche, 12 N. D. 17. (3) An allowance of alimony in gross ordinarily should not exceed one-half of the husband's estate. Usually the award is less. McCartin v. McCartin, 37 Mo. App. 471; Lemp v. Lemp, 249 Mo. 295; Golding v. Golding, 74 Mo. 123; Gercke v. Gercke, 100 Mo. 237; Blair v. Blair, 131 Mo. App. 571; Viertel v. Viertel, 212 Mo. 562. (4) In view of the authorities applied to the facts of this case, the respondent would be treated with unprecedented generosity should this court consider previously paid installments, in a sum exceeding $3500, as alimony *pendente lite,* and grant a decree here for alimony in gross in the further sum of $7500. This would be more liberal than any prior adjudication, but the appellant consents and urges that such decree be here entered.

*Morton Jourdan* for respondent.

(1) Under the statutes of Missouri, the trial court had the discretion to award plaintiff alimony in gross, or from year to year. Section 2376, R. S. 1909. The allowance of alimony from year to year instead of in gross is a matter of judicial discretion in the trial court. Section 2376, R. S. 1909; 14 Cyc. 773, 777, 778; Am. & Eng. Ency of Law (2d Ed.), 120; Viertel v. Viertel,

212 Mo. 562; Gussman v. Gussman, 140 Ind. 433; Spencer Domestic Relations, sec. 425; Dirvet v. Eigermann, 80 Ill. 276; Ross v. Ross, 78 Ill. 404; Wilson v. Wilson, 102 Ill. 300; Von Glik v. Von Glik, 46 Ill. 143; Peck v. Peck, 15 N. E. 12; Jeter v. Jeter, 36 Ala. 400; 2 Nelson on Divorce & Separation, sec. 965, pp. 927, 928, 930.

ALLEN, J.—This is a suit for divorce. The decree below was in favor of plaintiff, the wife, upon the ground of indignities offered by defendant rendering her condition intolerable. Defendant made default, but his counsel appeared at the trial on the question of alimony. The trial court, after hearing the evidence adduced touching the matter, allowed plaintiff as alimony $100 per month, payable monthly, allowing also attorneys' fees for plaintiff's counsel. Thereafter defendant filed a motion for new trial, the grounds thereof being that the allowance of alimony was excessive and that the allowance should have been in gross instead of in monthly installments. The motion being overruled, defendant appealed.

Plaintiff and defendant were married in 1900, and during all of their married life resided in the city of St. Louis. Approximately four years before the trial below there was a separation, which continued for some months, followed by a reconciliation. The parties then lived together until June 5, 1912. It is unnecessary to rehearse the evidence relative to the indignities constituting ground for the decree in plaintiff's favor. The record discloses that defendant's conduct toward plaintiff was characterized by extreme indifference and neglect; that he ceased to care for her and frankly so told her, remained away until late at night, and finally refused to eat any meals at home; while it appears that plaintiff was a devoted and faithful wife, who made every effort to retain her husband's affections.

It was agreed in open court that defendant received a salary of $340 per month, and that he was possessed of property of the value of $6500.

The proposition urged by defendant on his appeal is that the court should have awarded alimony in gross instead of alimony from month to month. One of the assignments of error is that the award as made is excessive; but this is not urged upon us. The contention is that under the circumstances alimony in gross should have been awarded, and that we, having plenary power to review the action of the trial court in the premises, should reverse the judgment and remand the cause with directions to enter a judgment for plaintiff for such alimony in gross as may appear to be proper. And though at the time of the trial below appellant was possessed of an estate of but $6500, his counsel now suggest to this court that the alimony accrued under the judgment, which it is said has been regularly paid by respondent in monthly installments, be considered alimony *pendente lite,* and that the decree below be modified, giving the wife $7500 in gross as permanent alimony.

The argument of appellant's learned counsel is that, where practicable, alimony in gross should be awarded the wife, rather than an allowance of a monthly, quarterly or annual stipend out of the husband's income, where the divorce, as in our modern practice, is an absolute one—*a vinculo*—restoring the parties to the state of unmarried persons. That this is a sound and wholesome doctrine is beyond dispute; for, where the circumstances permit, it will doubtless be conducive to the welfare and happiness of both parties, in a great majority of such cases, that the wronged wife be provided for out of the husband's estate at the time of the divorce decree, thereby becoming independent of her former spouse and not compelled to look to him for sustenance and perhaps to take future legal steps to secure a periodical stipend awarded her.

As is well said by Commissioner Brown, in Lemp v. Lemp, 249 Mo. 311, 155 S. W. 1057:

"It is just and humane, and lies at the very foundation of the policy of absolute divorce, that the innocent and injured woman be delivered from the body of her dead injury, and not be required for life to live in its atmosphere and taste its flavor with her daily bread."

And, on the other hand, it may be assumed that such course, where practicable, will ordinarily be the better one, so far as the husband is concerned, disposing of the matter of alimony once for all, rather than leaving it in the form of a periodical obligation pursuing him through life. Touching this question generally, see what is said in Green v. Green, 152 Ky. 486, 153 S. W. 775; Williams v. Williams, 36 Wis. 362; McGechie v. McGechie, 43 Neb. 523; DeRoche v. DeRoche, 12 N. D. 17; 2 Nelson on D. & S., sec. 903; Lemp v. Lemp, supra.

But the doctrine invoked necessarily has its limitations, and its applicability or non-applicability must be determined by the facts of the particular case, having regard to the husband's financial ability to respond to an adequate award in gross, when compared to his earnings out of which a periodical allowance may properly be made. "From this standpoint there are two elements which must be separately considered to insure complete justice. The obligation to support, maintain and protect the wife often exists where no property interest is involved. By the marriage contract the husband pledges himself to do this, and, if he has no property, his future earning capacity must be utilized for that purpose. In such cases a judgment in gross might defeat the very object to be attained. For this reason it is often necessary that alimony should be paid from time to time to conserve the ability of the husband to meet the obligation." [Lemp v. Lemp, supra, l. c. 311.]

Sec. 2376, revised statute 1909, provides that: "Upon a decree of divorce in favor of the wife, the court may, in its discretion, decree alimony in gross or

from year to year.'' The form of the decree is a matter therefore resting in the sound judicial discretion of the court, and whether alimony in gross or a periodical stipend should be awarded must be determined by the circumstances of the case in hand. Where the husband is possessed of sufficient means therefor, and an award in gross can be made to the wife which is commensurate with the provision which might properly be made for her through an allowance of alimony from year to year, payable on certain named dates, discretion would be wisely exercised in favor of an award of this character. Such was the case of Lemp v. Lemp, supra, cited and relied upon by both parties here, where the wife was awarded $6,000 per year by the trial court, payable in quarterly installments of $1500 each, and she appealed. The Supreme Court held that, under the circumstances of the case, the husband being a man of large wealth, the wife should have been awarded alimony in gross, and accordingly directed an allowance to her of $100,000.

But the case is not persuasive in support of appellant's argument in the case before us. Appellant's income is $340 per month, or $4080 per annum; out of this he is adjudged to pay the plaintiff $100 per month, or $1200 per annum. On the other hand the property which he possesses, even if all thereof were utilized therefor, would be insufficient to earn an income for plaintiff in any degree commensurate with defendant's ability to provide for her. Assuming that the sum of $7500 were awarded as alimony in gross, in accordance with appellant's suggestion in this court, this at six per cent per annum would yield $450 per year, or, ''if allowance be made for taxes and a possible lower rate of interest, for safe investment'' (Viertel v. Viertel, 212 Mo. l. c. 577, 111 S. W. 579), the income to be derived therefrom must be placed at a considerably lower figure. While it is true that plaintiff would then have the *corpus* of this little estate, the income available there-

from would be altogether disproportionate to the earn-
ings of defendant, and his ability to provide for plain-
tiff in accordance with the obligation assumed by him
by virtue of the marriage contract.  In other words the
case is one where the earning ability of the defendant
and his actual earnings are such as to make it possible,
and altogether practicable, for a court to decree ali-
mony from month to month in a sufficient amount to
give plaintiff a reasonable income, in keeping with the
station in life of the parties, while on the other hand
the estate possessed by defendant is insufficient for
such purpose.  In this situation the trial court, in the
exercise of the discretion reposed in it by law, adjudged
it meet and proper to award plaintiff monthly alimony
rather than in gross.  No fault may be found with the
amount of such award, considering the husband's in-
come.  And, under the circumstances, we take it that no
appellate court can say that this discretion was not
wisely and justly exercised.

Learned counsel for appellant say that we should
not turn a deaf ear to an offer or suggestion as liberal
as that made by appellant in this court, viz., to turn
over to respondent, as it is said, all that appellant pos-
sesses, both parties going their way and beginning
life anew as it were.  It is true that, as a suggestion or
offer coming from a husband under such circumstances,
it is out of the ordinary.  But the wife has been award-
ed $100 per month as alimony, an amount by no means
disproportionate to defendant's earnings.  It is im-
possible for any court out of the property possessed by
appellant to make adequate provision for her, when all
the circumstances are considered, and hence it follows
that appellant's offer, though liberal for one of its
nature, yet fails to meet the demands of the situation.

It is true that the allowance made plaintiff is under
the control of the court below, and subject to future
alteration should the circumstances warrant, and there
is necessarily an element of uncertainty as to its dura-

tion. But under the circumstances proper provision for plaintiff by way of a present income can be made only by an allowance of this sort. And despite the objectionable feature of alimony of this character, the castoff wife, insisting that her right to be maintained, which the law vouchsafes to her within the limits of the husband's ability, be not denied her, is here with able counsel bitterly contesting appellant's efforts to obtain a modification of the decree.

We think that the judgment ought not to be disturbed, and it is accordingly affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.