ALINDA B. VORDICK, Appellant, v. AUGUST H. VORDICK, deceased, WILLIAM H. HAUS-CHULTE, Executor of the Will of AUGUST H. VORDICK, Respondent.

St. Louis Court of Appeals. Opinion Filed December 7, 1920.

1. **COURTS: Court of Appeals: Jurisdiction: Cause Transferred From Supreme Court: Amount in Dispute.** Where a cause is transferred from the Supreme Court, that adjudication puts the case with the Court of Appeals for final determination, and the Court of Appeals is limited in the particular case by that pronouncement, and, absent it, our Constitution and statute law, stands in the way of the Court of Appeals, doing more than rendering a judgment for $7500 in addition to the amount already allowed and not in dispute, or directing the lower court to render such judgment.

2. DIVORCE: ALIMONY: Fictious Deeds of Trust Paced on Real Estate by Husband Prior to Marriage: Wife's Knowledge After Separation: Effect. Where, after final quarrel and separation, the wife, plaintiff in a divorce suit, discovered that defendant had placed deeds of trust on all of his real estate just prior to his marriage and given same to his daughter and as a condition of returning to him she asked that he cancel these deeds of trust which defendant declined to do, *held* the wife, after receiving such treatment at defendant's hands, and after discovery that defendant had attempted to deprive her of any interest in his property by placing on record fraudulent deeds of trust, was fully justified in making that condition and is not to be condemned for it.

3. ————: ————: Amount of Permanent Alimony: Fixed in View of Circumstances of Each Particular Case. The allowance of permanent alimony is a matter of sound judicial discretion, to be exercised with reference to established principales and upon a view of all the circumstances of each particular case, such as the estate and ability of the husband, the condition and means of the wife, and the conduct of the parties.

4. ————: ————: Judicial Discretion: Allowance Made by Trial Court: Not Binding on Appellate Court. In an action for divorce and alimony, the trial court has a discretion which it exercises in determining the amount of such alimony, and the appellate court gives due deference to the trial court in such cases, yet the appellate court is not bound thereby; and such discretion must be wisely exercised when it comes to the question of making a just and fair allowance.

5. ————: ————: Allowance Made by Trial Court Inadequate: Appellate Court Will Fix Proper Allowance. In an action for divorce and alimony where the wife is adjudged the innocent and injured party of the marriage contract, and the defendant the guilty party, and defendant owns property conservatively valued at $100,000, the major portion of which is unproductive, and he had died since the trial below and plaintiff still has her dower interest in his real estate, and had defendant not breached the marriage contract and forced the plaintiff to divorce him, she would have been entitled, under section 349, Revised Statutes 1909, upon his death not only to her dower, but would have a right absolutely to share in the personal estate of the husband equal to the share of a child, which in this case would have been one-half, *held* that the allowance of $5000 made to the plaintiff in the way of alimony by the trial court is inadequate, and that the plaintiff is rightfully and justly entitled to the sum of $7500 in addition to what has already been allowed her as alimony in gross,

6. **APPELLATE PRACTICE:** Motion For Alimony and Suit Money Pending Appeal: No Bill of Exceptions: Cannot be Reviewed. In an action for divorce and alimony, where plaintiff, before taking an appeal, filed a motion for support and maintenance, and for suit money and attorney's fees pending the appeal and it does not appear that any evidence was taken in support of the motion for alimony and suit money pending the appeal and the same is not preserved in the bill of exceptions; nor does it appear that any motion for a rehearing or new trial was filed subsequent to the overruling of the motion for alimony and suit money there is nothing for the appellate court to review.

Appeal from the Circuit Court of St. Louis County.— *Hon. G. A. Wurdeman,* Judge.

AFFIRMED AND REMANDED (*with directions*).

*Homer Hall* for appellant.

(1) The deposition of William H. Hauschulte was improperly admitted for the reason that he was under subpoena and had been present in court and testified for defendant and if he was absent it was with defendant's consent. There was nothing offered to show the existence of any conditions which would authorize the reading of the deposition or any part of it and this testimony should be disregarded in fixing allowance of alimony. Heinbach v. Heinbach, 262 Mo. 69, 87; State v. Miller, 263 Mo. 326, 335; O'Brien v. Transit Co., 212 Mo. 59, 72; Ihl v. Bank, 26 Mo. App. 129, 143; Section 6411, R. S. 1909. (2) The court admitted incompetent evidence for defendant as to the value and ownership of defendant's property and based his finding and allowance on such evidence. (3) The court erred in refusing to allow plaintiff to examine defendant as to the pretended joint ownership of the notes in which defendant had invested his money and which he held and controlled. (4) There was no legal evidence to prove defendant's claim of joint ownership in the notes. His daughter furnished none of the money invested in them, never had them in her control, never knew anything about the pretended joint ownership and never received any of the interest collected. The evidence wholly failed to

prove a valid gift, for unconditional delivery and acceptance are necessary. Light v. Graham, 199 S. W. 570; Foley v. Harrison, 233 Mo. 460, 537; 20 Cyc. 1192, 1193; Grayson v. Boyd, 185 S. W. 651 (Tex Civ. App.)   (5) The judgment in so far as it required plaintiff to relinquish her inchoate dower interest in defendant's estate as a condition to the allowance of $9000 as alimony in gross, was illegal and void and the judgment ought to be treated as though such condition or requirement had never been incorporated in it, and as presenting only the question whether alimony in the sum of $9000 is adequate to furnish plaintiff the income she is entitled to.   Ecton v. Tomlinson, 212 S .W. 865; Scales v. Scales, 65 Mo. App. 292; Sec. 359, R. S. 1909.   (6) The allowance of alimony and attorney's fee is inadequate.   An allowance should be made in an amount sufficient when loaned at the prevailing rate of interest, to give plaintiff a reasonable income in keeping with their station in life, and with defendant's ability to pay.   The allowance made would not produce such an income and therefore is inadequate.   Lemp v. Lemp, 249 Mo. 295;   Wright v. Wright, 192 Mo. App. 633, 179 S. W. 950;   Viertel v. Viertel, 212 Mo. 562;   Griffith v. Griffith, 180 S. W. 441; Rutledge v. Rutledge, 177 Mo. App. 469;   Stark v. Stark, 115 Mo. App. 436;   Penningroth v. Penningroth, 71 Mo. App. 438;   Winslow v. Winslow, 182 S. W. (Tenn.) 241. (7) The appellate court will weigh the evidence and award such alimony as the evidence warrants. . Lemp v. Lemp, 249 Mo. 295;   School v. School, 192 Mo. App. 559, 185 S. W. 762;   Yeager v. Yeager, 185 S. W. 743; Thurmond v. Thurmond, 186 S. W. 1;   Wright v. Wright, 192 Mo. App. 633, 179 S. W. 950.   (8) The action of the court in overruling plaintiff's motion .for alimony and suit money pending the appeal was erroneous and clearly an abuse of discretion in view of the errors committed on the trial and in the rendition of judgment requiring relinquishment of dower, which show that the appeal was meritorious, and in view of. the absence of evidence showing that plaintiff had sufficient means to support herself and to bear the expenses of the appeal.

*Muench, Walther & Muench* for respondents.

(1) The deposition of the witness William H. Hauschulte was properly admitted in evidence. McFarland v. Accident Assn., 124 Mo. 204, 222; Authorities cited under Point 1 of Appellant's Brief. (2) The trial court was warranted in finding that the investments, aggregating $30,000, which were made by the defendant immediately after the death of his first wife and before his marriage to appellant, were made in the joint names of the defendant and his daughter. Trust Co. v. Reagan et al., 193 Mo. App. 290, and cases cited; 14 Am. & Eng. Ency. of Law (2 Ed.), p. 1019; Tiffany on Banks and Banking, p. 460; 2 Morse on Banks and Banking (4 Ed.), p. 609. (3) The allowance of both temporary and permanent alimony is a matter resting within the sound judicial discretion of the trial court, to be exercised with reference to establish principles and upon consideration of all the circumstances of each particular case, such as the estate and ability of the husband, the condition and means of the wife, and the conduct of the parties. Lemp v. Lemp, 249 Mo. 295, 306; Viertel v. Viertel, 212 Mo. 562, 575; Gercke v. Gercke, 100 Mo. 237; McCartin v. McCartin, 37 Mo. App. 471; Hauber v. Hauber, 170 Mo. App. 71; Smith v. Smith, 193 S. W. 894; Aylor v. Aylor, 186 S. W. 1068; Glover v. Glover, 193 Mo. App. 648; 14 Cyc., 779. (4) Appellate courts will not interfere with the discretion of the lower courts in determining whether temporary or permanent alimony shall be allowed, or in fixing the amount thereof, unless an abuse of such discretion is clearly shown. 14 Cyc., 803, Notes 69 and 70; State ex rel. Seddon, 93 Mo. 520; Dowling v. Dowling, 181 Mo. App. 675. (5) In reviewing the proceedings in an equity cause on appeal, deference will always be paid to the finding of the trial court, which had the witnesses before it. Creamer v. Bivert, 214 Mo. 479, 480; Yeager v. Yeager, 185 S. W. 743, 744; Thurmond v. Thurmond, 186 S. W. 1; Hunnell v. Zinn, 184 S. W. 1154; Schierstein v. Schierstein, 68 Mo. App. 205, 210; Wald v. Wald, 119

Mo. App. 341, 347; Clark v. Clark, 143 Mo. App., 350; Hull v. Hull, 168 Mo. App. 220; Thiesen v. Thiesen, 167 Mo. App. 264; Griesedieck v. Griesedieck, 56 Mo. App. 94. (6) The mere absence from the record of some of the evidence on which the allowance of alimony was based is not ground for reversing the order. 14 Cyc. 803, Note 68, citing Rose v. Rose, 109 Cal. 544. (7) Where no evidence is introduced in support of the appellant's application for suit money and alimony pending the appeal, there is nothing before the upper court for review. Motley v. Motley, 93 Mo. App. 473, 481; Adams v. Adams, 49 Mo. App. 592. (8) The trial court, in decreeing that the appellant should have an increased allowance of $9,000 for alimony in gross, on condition that she execute and deposit in the office of the clerk of the court conveyances relinquishing her inchoate dower right in the defendant's property, and that otherwise the allowance remain at the former sum of $5,000, did not undertake to definitely bar appellant's dower rights; she was merely given the opportunity to secure increased alimony upon a certain condition, and, having failed to comply with this condition, the alimony, by the terms of both the original and the second decree, became definitely fixed at $5,000. Gercke v. Gercke, 100 Mo. 242. (9) Under all the circumstances of the case, the allowances to the appellant for alimony and suit money were reasonable. Lemp v. Lemp, 249 Mo. 295; Rutledge v. Rutledge, 177 Mo. App. 469.

BIGGS, C.—An action for divorce and alimony. At *nisi prius* plaintiff was granted a divorce, declared the innocent and injured party, and awarded alimony in gross in the sum of $5000, and an attorney's fee of $300. Upon considering a motion for new trial, the court below modified the judgment for alimony, so as to fix the attorney's fee at $500, and the plaintiff was adjudged alimony in the sum of $9000, on condition that within twenty days she relinquish her inchoate right of dower in defendant's real estate, and that failing so to do, she should recover the sum of $5000 as originally adjudged. Plaintiff declined to relinquish her dower right preserved to her by

the statute, and her alimony judgment stood at $5000, plus her attorney's fee of $500, making a total judgment of $5500, from which she appeals, claiming in the main that the allowances are wholly inadequate under the evidence.

No question arises over plaintiff's right to a divorce, or as to the reasonableness of the alimony judgment as far as defendant is concerned, as he did not appeal.

The plaintiff was granted an appeal to the Supreme Court, where, upon a consideration of the case, it was determined that it did not affirmatively appear from the entire record that the amount in dispute, exclusive of costs, exceeds $7500, and that therefore, that court was without jurisdiction, and the cause was thereupon transferred to this court (Vordick v. Vordick, 219 S. W. 591). A reading of the opinion in that case discloses that inasmuch as the alimony allowance of $5000 was not in dispute, the question to determine upon the entire record was whether there was more than $7500 in addition to the $5000 in dispute between the parties. The Supreme Court in the case, l. c. 593, says: ''From the very nature of the controversy an examination of the evidence to determine the amount in dispute involves to some extent a consideration of the merits, and *the conclusions reached of necessity includes the holding that appellant on the facts in proof is not entitled to alimony in gross in excess of* $12,500. This difficulty would have been obviated had plaintiff made claim to some definite amount in her petition, or elsewhere of record, in the court below. The amount so claimed, if in excess of $7500, over and above the amount awarded by the court, would have fixed appellate jurisdiction in this court, unless it was apparent that such claim was fictitious or colorable merely, and in this case it probably would not have been so regarded'' (Italics ours).

That adjudication puts the case with us for final determination, and we, of course, are limited in the particular case by that pronouncement, and absent it our Constitution and Statute Law stands in the way of us

205 App.—36

doing more than rendering a judgment for $7500 in addition to the amount already allowed and not in dispute, or directing the lower court to render such judgment.

While the appeal was pending in the Supreme Court defendant died, and the cause was duly revived in the name of his executor.

Plaintiff assigns a number of errors in regard to the admission of incompetent evidence for defendant, and the exclusion of competent evidence for plaintiff, but in the view we entertain of the case it will be unnecessary to give consideration to such alleged errors. We accordingly pass to the main proposition involved, namely, whether the judgment for alimony is a fair and just one under the evidence.

After a courtship of a year, the parties were married at Troy, New York, plaintiff's former home, on September 11, 1913. At the time, plaintiff was a widow about 50 years of age, having a married daughter residing at Troy. Defendant, a widower, aged 67, was a practicing physician of the City of St. Louis, and had a married daughter living in that city.

A few weeks prior to the marriage defendant placed fictitious deeds of trust, aggregating $75000, upon his real estate, and delivered them to his daughter. In the case of Vordick v. Kirsch, 216 S. W. 519, the Supreme Court upheld a decree cancelling these mortgages at the suit of plaintiff, declaring them fraudulent and void, and denounced the whole transaction as ''a scheme concocted in fraud.''

It will be unnecessary to recite the evidence on which the decree of divorce was based. It is clearly established that plaintiff was the injured party, and the defendant the guilty one. His almost unbelieveable conduct was due to a violent temper, which he could not or would not attempt to control, and to an insane and unreasonable jealousy. Beginning at the time of their bridal tour until the final separation on March 7, 1916, defendant, without cause, frequently lost all control of his temper, and would upon such occasions curse, abuse, and strike the plaintiff. At such times he would apply to her all kinds of offensive

Vordick v. Vordick.

epithets, and would charge her with infidelity. Notwithstanding this latter charge made on numerous occasions, he afterwards signed a written statement saying that he had never "seen his wife make one move or action unladylike or unbecoming a lady with any other man," thereby admitting his charges against her were false and without foundation.

Defendant's admissions while testifying were enough to condemn him. He admitted that in May, 1914, he charged his wife with infidelity, and added, "I am not ashamed of it either." His only offered excuse was that his wife at a dinner at Sunset Inn stood and drank a toast to a man in their party other than the defendant. He further admits that at the time of the final separation he bent his wife's body back on the bed, and while in that position struck her in the face with his fist, thereby blacking her eye, which remained in that condition for more than a week. Plaintiff testifies he struck her eight times on this occasion, and that both her eyes were blackened and her face and eyes so swollen she could hardly see. True, the wife also fought on this occasion, with the result that the defendant's eye-glasses were broken and his side scratched, but it is not strange that the plaintiff under the conditions and circumstances attempted to defend herself. In his testimony, he volunteers the statement, perhaps as an evidence of his generosity, that at one time he gave his wife twenty cents with which to buy her lunch.

Even after the final quarrel and separation, plaintiff offered to return to defendant, provided he would make amends. After the separation plaintiff discovered that defendant had mortgaged all of his real estate just prior to his marriage, and as a condition of returning to him, she asked that he cancel these mortgages. This defendant declined to do. After receiving such treatment at defendant's hands, and after discovering that the defendant had attempted to deprive her of any interest in his property by placing on record the fraudulent deeds of trust, we think she was fully justified in making that condition, and is not to be condemned for it.

It is uncontradicted that the plaintiff, aided to a small extent now and then by the defendant, did all the housework, including cooking, washing and ironing, and cleaning windows, in an eleven room house in which they lived.

It appeared by plaintiff's evidence that defendant was possessed of the following property:

1. Notes secured by deeds of trust bearing six per cent interest, $30,000. Defendant made the claim at the trial that he had given his daughter a one-half interest in these securities, although his real estate agents had possession of them and collected all the interest for his benefit.

2. A 46-acre tract of land west of Clayton and near the St. Louis Country Club in St. Louis County, estimated to be worth $38,800.

3. A 50-acre tract of land north of the city of St. Louis of the estimated value of $12,500.

4. 2 city lots on North Second Street in the city of St. Louis, of the value of $39,975.

5. An eleven room residence in University City, St. Louis County, for which defendant paid $12,500, and in which the parties lived. In view of the increased value of real estate in and about St. Louis, this property was doubtless worth much more than $12,500. Defendant's counsel claim that the property was held by the husband and wife jointly, which created an estate by the entirety, which by the divorce was turned into an estate in common. We find no evidence in the record of such fact.

The total of the estate aggregates the sum of $133,775, according to the foregoing estimates made by plaintiff's witnesses.

Over plaintiff's objections, defendant read in evidence a deposition of a witness, who was present in court the day before under subpoena but not examined on the question of the value of defendant's property. If we consider this testimony as establishing the true value of the properties and give to the defendant the benefit of every contention made as to ownership and value, he was

possessed of property of the value of $89,700. Defendant's counsel in the brief admit that he was possessed of property valued at $77,200.

It appeared that plaintiff had some property in her own right, but the amount is not even approximately shown.

Under the foregoing facts was the sum of $5000 a fair and just allowance as alimony in gross? In passing on the question we are governed by well established rules of law as enunciated in well considered and recent decisions of the courts of the State.

When the defendant entered into the marriage contract with plaintiff, he obligated himself to support, maintain and protect her. He pledged himself to do this with his property, and, in the event he had no property, with his earning capacity. [Lemp v. Lemp, 249 Mo. 296, 1. c. 311, 155 S. W. 1057; Wright v. Wright, 192 Mo. App. 633, 1. c. 637, 179 S. W. 950.]

In the case of Viertel v. Viertel, 212 Mo. 562, 1. c. 575, 111 S. W. 579, the general rule as regards the question of alimony is stated thus: "The allowance of permanent alimony is a matter of sound judicial discretion, to be exercised with reference to established principles and upon a view of all the circumstances of each particular case, such as the estate and ability of the husband, the condition and means of the wife, and the conduct of the parties."

And in the Lemp case, supra, the court said: "Although it is made discretionary, this discretion must, in accordance with the rules of the common law, be a sound one, exercised in accordance with those principles in which the statute that created it has its foundation." At page 313 of this same case, it is further said: "By the unwritten law it was designed that the wife should lose nothing by the separation that had been forced upon her, but should, during the joint lives of herself and husband, be supported in the style to which the marriage entitled her, and at his death fare the same with respect to her dower and other allowances as if no separation had intervened." In this Lemp case the Supreme Court

changed allowance of alimony of $6000 per year, payable in instalments, to a judgment for 100,000 as alimony in gross, where the husband's estate was valued at $1,200,000.

In the Viertel case, supra, the Supreme Court upheld an allowance of $11,000 to a wife, where the value of the husband's estate was between $30,000 and $35,000.

In the case of Gercke v. Gercke, 100 Mo. 237, 13 S. W. 400, the court upheld an allowance to a wife of $6,000, where the husband, aided by the wife, had accumulated an estate of $12,000.

While it is true that in cases of divorce and alimony, the trial court has a discretion which it exercises in determining the amount of such alimony, and while we give due deference to the chancellor in such cases, we, as an appellate court, are not bound thereby; and such discretion must be wisely exercised, and is limited by the rules stated in the foregoing authorities, when it comes to the question of making a just and fair allowance.

In view of the foregoing principles and decisions how stands the case before us? Plaintiff is adjudged the innocent and injured party to the marriage contract, the defendant the guilty party. Defendant owns property conservatively valued at $100,000. It is true that the major portion of the property is unproductive, but this does not prevent a proper provision being made for the injured wife. We are not unmindful of the fact that since the trial below defendant has died and the plaintiff still has her dower interest in his real estate. The fact that the real estate is unproductive cuts away the value of her dower interest. Her one-third interest for life in the real estate will produce a very small income. Had the defendant not breached the marriage contract and forced the plaintiff to divorce him, she would have been entitled, under our statutes, upon his death to not only her dower, but would have a right absolutely to a share in the personal estate of the husband equal to the share of a child, which in this case would have been one-half (R. S. 1909, sec. 349).

While we have great respect for the wisdom of the learned chancellor, we must conclude upon the record that the allowance made to the plaintiff in the way of alimony is inadequate, even though the same be computed on the valuation of the properties as asserted by defendant, namely, $77,200.

After the plaintiff had filed a motion for new trial in the court below and before taking an appeal, she filed a motion for support and maintenance and for suit money and attorney's fees pending the appeal. Thereafter and on the 16th of September, 1916, the court overruled the motion for new trial, motion in arrest of judgment, and also the motion for suit money and alimony pending the appeal. If any evidence was taken in support of the motion for alimony and suit money pending the appeal, the same is not preserved in the bill of exceptions; nor does it appear that any motion for a rehearing or new trial was filed subsequent to the overruling of the motion for alimony and suit money pending the appeal. In this state of the record there is nothing for this court to review. [Steele v. Steele, 85 Mo. App. 224; Hemm v. Juede, 153 Mo. App. 259, 133 S. W. 620; Motley v. Motley, 93 Mo. App. 473, 67 S. W. 741.]

In view of the conclusion of the Commissioner that the plaintiff is rightfully and justly entitled under the evidence in this case to at least the sum of $7500 in addition to what has already been allowed her as alimony in gross, it is recommended that the cause be remanded to the circuit court, with directions to enter judgment for plaintiff for $7500 in addition to the sums of $5000 already allowed as alimony in gross and $500 as attorneys fees, which allowances are not in dispute between the parties, and that the total judgment of $12,500 as alimony in gross be entered as of the date of the original judgment, the allowance to plaintiff of $500 for attorney's fees to stand as originally made.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment

of the circuit court is accordingly affirmed and the cause remanded with directions as recommended by the Commissioner. *Reynolds, P. J., Allen* and *Becker, JJ.*, concur.